UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

PATRICK BAKER,

                    Plaintiff,

    -against-

THE VILLAGE OF PIERMONT, POLICE OFFICER
PETER BOUTROS, individually and as an employee of the
Village of Piermont, CHIEF MICHAEL O'SHEA,           20-cv-01690 (CS)
individually and as an Employee of the Village of Piermont, and
JOHN DOES NO.s 1-10 (said names being unknown and
fictitious),

                    Defendants.
-------------------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND ORDER

WHEREAS, Plaintiff and Defendants (collectively, "the Parties") believe that the

production of certain documents and other discovery, whether formal or informal, in this action

might result in the disclosure of confidential or proprietary information within the meaning of Fed.

R. Civ. P. 26(c); and

WHEREAS, the Parties believe it will facilitate discovery in this action to produce such

information under a stipulation of confidentiality to protect such information from disclosure to

others; and

WHEREAS, the Parties have agreed upon the terms of this Stipulation and Order;

The Parties hereby stipulate, and the Court has ordered, as follows:

1.      This Stipulation, and the confidentiality provisions contained herein, shall apply to

all information and materials disclosed during the course of the above captioned action, by any

party or non-party, including information disclosed in the course of discovery. Such information

and materials shall be generally referred to hereinafter as "Litigation Material."

2.    "Confidential" Litigation Material shall include any Litigation Material so designated by any producing person. If such designation is challenged, the standard determining whether such Litigation Material shall remain Confidential is whether it is the type protectable under Fed. R. Civ. P. 26(c)(1) or as otherwise determined by the Court.

3.    Any party or non-party may designate as "Confidential" all or any portion of any Litigation Material.

4.    The failure of a party to challenge the propriety of a designation of Litigation Material as "Confidential" at the time the designation is made does not preclude a subsequent challenge thereto.

5.    Litigation Material designated as "Confidential," including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except to:

a.    the Court;

b.    court reporters who record deposition or other testimony in this case;

c.    counsel of record to the Parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the litigation;

d.    Parties, and those directors, officers, and employees of the Parties who are assisting in the litigation;

e.    experts or consultants retained by the Parties or their counsel to assist counsel to prepare this case for trial;

f.    deposition and trial witnesses; and

g.    any other person upon the written agreement of the party or non-party who produced or disclosed the "Confidential" material (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order.

6.    All persons authorized by this Stipulation to receive information from Litigation Material designated "Confidential" shall maintain such information solely for the purpose of preparing for and conducting the above-captioned action.  No party or person receiving any Litigation Material designated "Confidential" shall use such material or the contents thereof for any other litigation or arbitration purposes, nor for any other business, commercial, or competitive purposes.

7.    All persons authorized to receive "Confidential" information under this Stipulation (other than the Court and court reporters) shall be shown a copy of this Stipulation, and shall not be provided "Confidential" information unless agreeing in advance to abide by the terms of this Stipulation.

8.    If Litigation Material designated "Confidential," or quotations from or references to such materials, are to be included in pleadings or documents filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential – Subject to Court Order" and, unless otherwise agreed by counsel, shall be delivered in sealed envelopes or other appropriately sealed containers to the Clerk of the Court.

9.    Prior to trial, the Parties shall seek from the Court an order setting forth the appropriate procedure for use at or during the course of the trial of Litigation Material designated as "Confidential" pursuant to this Stipulation and any subsequent protective order.

10.    If any party inadvertently provides any Litigation Material constituting or containing material that is subject to the attorney-client privilege, constitutes work product created by the party, its attorneys, or their agents in anticipation of litigation, or is subject to any other privilege, the producing party may, promptly after learning of the inadvertent production, give written notice to the receiving party or parties that the document is subject to a claim of privilege and request that the document be returned to the producing party.  Upon the receipt of such notice, the party to which such material was disclosed shall promptly return

all copies of such privileged material in the possession of such party, its attorneys, or their agents and employees. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of privilege, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

11.     In addition to the protection afforded by paragraph 10, consistent with Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of any Litigation Material designated "Confidential" or of any Litigation Material protected by any privilege recognized under Rule 501 of the Federal Rules of Evidence, shall not be deemed a waiver of such designation or such privilege, provided that the holder of the privilege or the protection took reasonable steps to prevent disclosure and took reasonable steps to rectify the error, including those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

12.     Within ninety (90) days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, counsel of record for the Parties shall either destroy all Litigation Material designated "Confidential" or return such material to counsel for the party who initially produced the Confidential Litigation Material (at the producing party's option and expense).

13.     This Stipulation shall be without prejudice to the right of a party or non-party to request additional protection under Fed. F. Civ. P. 26(c) or as otherwise provided by the Court for discovery requests made hereinafter by any party or non-party.

14.     Nothing in this Stipulation shall be deemed to preclude a party or non-party from waiving any protection afforded to its Confidential Litigation Material under this Stipulation, nor shall it prevent any party or non-party from disclosing its own information to any person it deems appropriate without waiving its rights or obligations under this Stipulation.

15.     It is expressly stipulated and agreed that any documents or records or statements provided or produced or disclosed during the discovery phase of this action prior to the execution of this Agreement by the respective counsel of record are not deemed to be confidential. Such designation subsequent to the execution of this Agreement are deemed waived. Notwithstanding, any all documents, records and or statements produced or disclosed prior to the execution of this Agreement that are otherwise protected under HIPAA, shall remain protected by HIPAA to extent appropriate.


Stipulated and agreed
this 2nd day of February, 2021

Stipulated and agreed
this ⁄ day of February, 2021


The Law Offices of David Fried, PC
*Attorney for Plaintiff*
254 South Main Street, Suite 310
New City, New York 10956
(845) 671-1883

PORTALE RANDAZZO LLP
*Attorneys for Defendants The Village of Piermont, Police Officer Peter Boutros and Chief Michael O'Shea*
245 Main Street, Suite 340
White Plains, New York 10601
(914) 359-2400


By: _____
        David Fried

By: _____
        James A. Randazzo


SO ORDERED:


_____
Honorable Cathy Seibel
United States District Judge

January ____, 2021